UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANTHONY T. WINSTON,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case No. 1:24-cv-00934-KES-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915 (g) [1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 6) |

　　　Plaintiff LeAnthony T. Winston, a prisoner incarcerated at USP-Atwater, initiated this action by filing a pro se prisoner complaint pursuant to the Federal Tort Claims Act ("FTCA") on August 12, 2024. (Doc. No. 1, "Complaint"). On August 13, 2024, the Court directed Plaintiff to either file an application to proceed *in forma pauperis* ("IFP") or pay the $405.00 filing fee for civil actions within 30 days. (Doc. No. 3). On September 16, 2024, Plaintiff filed an IFP application. (Doc. No. 8). For the reasons discussed below, the undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three actions or appeals that constitute strikes, and the Complaint does not establish that Plaintiff meets the imminent danger exception.

　　　////

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

## BACKGROUND AND FACTS

The events giving rise to the Complaint took place at an unspecified correctional facility. (*See generally* Doc. No. 1). The Complaint identifies the United States of America as the sole Defendant. (*Id*. at 1). The Complaint alleges that Lt. Prince failed to secure Plaintiff's legal property following Plaintiff's transfer to the Security Housing Unit ("SHU"), and that Officer Hannsen, the SHU Property Officer, neglected to follow CDCR regulations which required that Plaintiff be provided a copy of the property inventory. (*Id*.). As a result, Plaintiff's property was lost, and he was prevented from prosecuting unspecified legal proceedings. (Doc. No. 1 at 2). Plaintiff therefore seeks relief under the FTCA for loss of property, personal injury, and negligence. (*See generally id*.). Plaintiff seeks $10,000 in damages. (*Id*. at 1).

## APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed

2

for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

In order to avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at 700 (adopting test as articulated by Second Circuit, citation omitted). The three-strikes litigant must meet both requirements of the nexus test to proceed. *Id.*

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11. Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v.*

*Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions. *Cervantes*, 493 F.3d at 1053; *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), some courts have found that the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled. *Hardney v. Hampton*, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005). Other courts have first afforded the plaintiff an opportunity to pay the filing fee before dismissing the case. *See Gorby v. Internal Revenue Service, Fresno*, 2021 WL 1339146, *report and recommendation adopted in part and rejected in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021) (rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March 13, 2021) (rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not then requiring dismissal).

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act. As the United States Supreme Court noted in *Lomax*, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S.Ct. at 1726. And the three strikes provision, in particular, was aimed "to disincentivize frivolous prisoner litigation." *Hoffman v. Pulido*, 928 F.3d 1147, 1148-49 (9th Cir. 2019).

**ANALYSIS**

**A. Plaintiff has three or more qualifying strikes**

A review of the Pacer Database reveals that Plaintiff has filed more than 25 civil actions or appeals in a court of the United States.[2] Although not exhaustive, for purposes of these

---

[2] http://pacer.uscourts.gov

4

findings and recommendations, each of the following cases are properly deemed qualifying § 1915(g) strikes and each was entered before Plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
| --- | --- | --- |
| October 16, 2023 | *Winston v. United States*, No. 1:23-cv-01086-JLT-SAB (E.D. Cal.) | Dismissed at screening stage for failure to state a claim because no *Bivens* remedy available for Plaintiff's First Amendment claim. |
| May 11, 2018 | *Winston v. Robinson*, No. 2:18-cv-00045-RGD-LRL (E.D. Va.) | Dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A because defendants were not state actors and thus not amenable to suit under 42 U.S.C. § 1983. |
| June 16, 2017 | *Winston v. Martin*, No. 2:17-cv-315-RGD-RJK (E.D. Va.) | Dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) because Plaintiff's claims were facially barred by judicial and prosecutorial immunity. |
| June 6, 2017 | *Winston v. Doyle*, No. 2:17-cv-254-RGD-DEM (E.D. Va.) | Dismissed for failure to state a claim pursuant to 28 U.S.C. §1915A(b)(1) because Plaintiff's claims were facially barred by judicial and prosecutorial immunity. |

Plaintiff has previously been denied IFP status by other courts because of his three-striker status. *See*, *e.g.*, *Winston v. Smith*, Case No. 2:21-cv-00285-AWA-LRL (E.D. Va. 2023). Each of the above dismissals was done at the screening stages by the district court after finding the operative complaint failed to state a claim and qualify as a strike under Ninth Circuit law for purposes of § 1915(g).

**B. The Imminent Danger Exception Does Not Apply**

Because Plaintiff has three qualifying strikes, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the complaint is filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007). Liberally construing the Complaint, there are no facts that indicate Plaintiff was in

imminent danger of serious physical injury at the time he filed the action. Plaintiff's Complaint, to the extent discernible, centers on the wrongful taking of his property, placement in the security housing unit, and interference with unspecified legal proceedings. (*See generally* Doc. No. 1). Plaintiff's claims do not by their nature imply an imminent danger of serious physical injury, nor does Plaintiff allege any facts that articulate a risk of imminent physical danger.

Because Plaintiff's claims do not plausibly allege a risk of imminent physical injury, much less one related to the underlying allegations in the Complaint, Plaintiff does not satisfy either prong of the nexus test set forth above.

Accordingly, it is hereby **RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 6) be DENIED under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.
2. Plaintiff be directed to pay the full $405.00 filing fee by a date certain, absent which the Court dismiss this action without prejudice.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   September 30, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE